[No. 16082.    Department Two.    March 10, 1921.]

Matt Stream, *Respondent,* v. Grays Harbor Railway & Light Company, *Appellant.*[1]

Street Railroads (20, 30)—Collisions—Contributory Negligence—Drivers of Vehicles—Question for Jury. The contributory negligence of the driver of an automobile, struck by a street car at a street intersection, is for the jury, where he testified that his speed was eight or ten miles an hour, that before approaching the intersection he looked and saw no street car on the tracks for a distance of half a block, his attention was then attracted to another automobile, and when he looked a second time, he saw the street car approaching so rapidly that it was impossible to avoid the collision.

Appeal from a judgment of the superior court for Grays Harbor county, Sheeks, J., entered June 21, 1920, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*Theodore B. Bruener,* for appellant.

*A. Emerson Cross,* for respondent.

Mount, J.—This action was brought to recover on account of damages to an automobile and on account of

[1]Reported in 195 Pac. 1044.

personal injuries to the plaintiff resulting from a collision between an automobile driven by the plaintiff and a street car operated by the defendant. The trial to the court and a jury, resulted in a verdict and judgment for the plaintiff for one thousand dollars. The defendant has appealed.

The appellant argues that the trial court erred in denying its motion for a directed verdict and for judgment notwithstanding the verdict.

The collision occurred at the intersection of Wishka street and F street in the city of Aberdeen. These streets cross each other at right angles. F street extends north and south. Wishka street extends east and west. The appellant maintains a street car track along the east side of F street. The east rail of the street car track is ten feet from the east curb of the street. A sidewalk twelve feet in width extends along the east side of the curb. A store building occupies the corner at the northeast intersection of these streets, so that the space between the store building and the street car track is twenty-two feet, twelve feet of which is sidewalk. Two telephone poles set in the edge of the sidewalk obstruct the view somewhat to the northward along F street.

On the morning of May 23, 1919, the respondent was driving a Ford automobile truck west, on the north side of Wishka street, at a speed of from eight to ten miles per hour. He testified that, at this rate of speed, he could stop his car within eight or ten feet; that, when he approached F street at or about the corner of the building, he looked north along that street to see if the street car was coming from that direction; that he could see half way up the block and saw no street car; that his attention at that time was attracted to an automobile on the street intersection diagonally across

the intersection to the south from him; that he looked to see if that automobile might be intending to turn in front of him; that he at this time was proceeding westerly and that, when he was within eight or ten feet from the street car track, he again looked to the north and saw a street car twenty-five or thirty feet away approaching the crossing from the north at a rapid rate of speed; that he attempted to stop his automobile but without success until the front wheels of the automobile were upon the street car track; that the street car struck the automobile, injuring both the plaintiff and his automobile. There was some evidence introduced to the effect that the speed of the street car was excessive and that no warning signals were given.

The appellant contends that the respondent was guilty of contributory negligence, as a matter of law, in not seeing the street car before he came so close to the track that he could not stop his automobile. But for the fact that another automobile was upon the street intersection of these streets at the same time, there might be much force in appellant's position. If the respondent, in approaching the street car track, did all a reasonably prudent person under the same circumstances would do, he was not guilty of negligence.

As we have above stated, the respondent testified that he approached the crossing at the rate of eight or ten miles an hour; that he could stop his automobile at that rate of speed in a distance of eight or ten feet. He also testified that, just before approaching the intersection of the street on which the street car tracks were located, he looked north up the street where he could see for a distance of half a block and saw no street car; that his attention was attracted to an automobile on his left on the opposite side of the inter-

section of these streets and he looked in that direction to see if the automobile intended to turn in front of him; that, as he approached the street car track, he again looked north when a street car was rapidly approaching; that then it was too late to avoid the collision because of the rapid speed of the street car.

We are satisfied under this evidence that the question of the respondent's contributory negligence was a question for the jury. We think it cannot be said, as a matter of law, that the respondent gave no heed for his own safety or that reasonable minds might not differ upon the question of respondent's negligence as was said in the cases relied upon by the appellant. The question of respondent's negligence was, therefore, one for the jury.

Judgment affirmed.

PARKER, C. J., MITCHELL, MAIN, and TOLMAN, JJ., concur.